■ JEANNIE FARRELL, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, and CRITERION INSURANCE COMPANY, Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered June 15, 1977, striking defendant Allstate Insurance Company's answer on the motions of plaintiff and codefendant Criterion Insurance Company and determining the issue of insurance adversely to it, unless defendant appears by a person having knowledge of the facts, with the appropriate insurance file, and testifies fully on the issues, and unless it pays additional costs of $250 each to plaintiff and defendant Criterion Insurance Company, is unanimously modified, on the law and on the facts, and in the exercise of discretion, as to appellant Allstate so as to grant plaintiff's and codefendant Criterion's motions only to the extent of directing that said defendant Allstate appear for further examination as hereinafter described, at a date and place to be fixed in the order hereon, and said motions are otherwise denied as against defendant Allstate; and that portion of the third paragraph of the memorandum decision of Special Term that determines that Allstate is in default of disclosure and the last paragraph of said memorandum decision are vacated; and the order is otherwise affirmed, without costs and without disbursements. At such examination, defendant Allstate shall produce its underwriting and policy file and a person having sufficient knowledge to explain the file and a person having knowledge of the facts as to the status of the policy at all times; or a person able to testify that no one has any knowledge of the status of the policy beyond what is in the file, if that be the fact, and, if such file is not produced, a person having personal knowledge of the investigation that has been made to locate the file. In this declaratory judgment action to determine which insurance company will be liable under the relevant automobile liability policies, it is the contention of defendant Allstate that it was relieved from its liability on the policy as a matter of law because its insured, an assigned risk, had sold the automobile involved before the accident. On the examination before trial, Allstate produced its claim investigator who told and gave records of the conversations with the policyholder and the alleged transferee of the car. In the absence of other notice, it would appear that this is a good faith effort at compliance with the order for examination in a case in which the material issue relates to facts presumably not within the knowledge of Allstate except as to what it has been told by its assured. Allstate concedes that there was a valid policy but for this alleged sale. We are well aware of the fact that insurance companies frequently leave much to be desired in their compliance with procedural requirements in lawsuits relating to automobile liability coverage. (In this very case, the printed record on file does not contain a transcript of the examination before trial. We have, however, read the transcript of the examination on file in this court annexed to the papers on the motion for a stay.) But in this case, we think there was a good faith compliance. However, respondents suggest that perhaps the policy contained some provision covering the car even if it were sold, or, perhaps there was an extension of the insurance to the buyer either expressly or by estoppel. To the end that this may be explored, we direct the continuance of the examination as indicated. As there appears to be no probability that plaintiff, an occupant in the other car in this two-car accident, has any knowledge of the relevant issue in this case—the transfer of Allstate's insured's car—we will not interfere with Special Term's discretion in denying Allstate's motion for examination of that plaintiff. Settle order on notice. Concur—Kupferman, J. P., Lupiano, Silverman and Lynch, JJ.